41   133
45   465
41   133
47   459
41   133
73    51

HENRY G. EMMONS *vs.* MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY.

June 27, 1889.

Railway—Failure to Fence—Damages—Evidence.—The issue being how much the rental value of an abutting farm is diminished by reason of a railway not being fenced, an expert witness may be asked either what would be the difference between the rental value with the road fenced and with the road unfenced, or, first, what the rental value would be with the road fenced, and then what it would be with it unfenced. Either mode of examination is permissible in the discretion of the trial court.

Appeal by defendant from a judgment of the district court for Freeborn county, where the action was tried before *Farmer*, J., and a verdict of $1,000 returned for plaintiff.

*B. S. Lewis* and *J. D. Springer*, for appellant.

*Lovely, Morgan & Morgan* and *Walter J. Trask*, for respondent.

MITCHELL, J.    This case has already been twice before this court, (35 Minn. 503, 29 N. W. Rep. 202; and 38 Minn. 215, 36 N. W. Rep. 340,) and every question, except one, involved in the appeal was passed upon in the similar case of *Nelson* v. *Minn. & St. Louis Ry. Co.*, *supra*, p. 131, (just decided.)

Upon the trial, expert witnesses were asked and permitted to answer the question, what, in their opinion, was the difference between the rental value of the farm with the railroad fenced and the rental value with the railroad unfenced.    Defendant assigns this as error, claiming that the proper mode of examination is to ask a witness, first, what would be the rental value with the road fenced, and then what it is with it unfenced, and leave it to the jury to say what the

difference is. Some courts disapprove of the first method of examination, holding that the latter is the only proper one. Probably the latter is preferable, inasmuch as, if the witness gives the rental values with and without the fence, the jury can see in what ratio or percentage the rental value is, in his opinion, diminished by reason of the want of the fence. But we do not think it a matter of great practical importance. If the opposite party desires to ascertain the basis of the witness's opinion he can ask these questions on cross-examination. Both modes of examination have been pursued indiscriminately in analogous cases in this state for many years, and the mode followed in the present case has been repeatedly recognized with implied approval by this court. See *Simmons* v. *St. Paul & Chicago Ry. Co.*, 18 Minn. 168, (184;) *Lehmicke* v. *St. Paul, S. & T. F. R. Co.*, 19 Minn. 406, (464;) *Leber* v. *Minn. & N. W. Ry. Co.*, 29 Minn. 256, (13 N. W. Rep. 31.) We do not feel disposed to change the practice at this late day. The trial judge may, in his discretion, permit either form of examination.

Judgment affirmed.

NOTE. On August 5, 1889, this cause was removed to the supreme court of the United States by writ of error allowed by the chief justice of this court.