### Gulf, Colorado & Santa Fe Railway Company v. Albert Norfleet.

#### No. 3070.

1. **Appointing Physicians to Examine an Injured Plaintiff.**—If there be cases in which the court should appoint surgeons or physicians to examine a party suing for personal injuries with a view to testifying on the trial, it should never be done unless in a case in which the ends of justice demand it, and in no case should such an order be made when the party is willing to be examined by competent and disinterested men without such order.

2. **Same—Practice.**—If such order should be refused when the facts sufficiently show that such examination was necessary, such refusal by the court would be no ground for reversal where it appeared that during the trial opportunity for such examination was given.

3. **Same.**—Such refusal, though it may have been improper, would not affect the right of the plaintiff to introduce other competent testimony to his alleged injuries.

4. **Experts—Practice.**—Ordinarily the action of the trial judge upon the qualification of an expert witness will not be revised.

5. **Verdict, not Excessive.**—See facts which supported a verdict for $3000 for personal injuries.

6. **Argument of Counsel.**—That the counsel for plaintiff in his closing argument used the language, "this plaintiff after he has worked all day suffers so he can not sleep, and he has to work because he has a widowed mother to support," is no ground for reversal when it does not appear that the verdict was increased thereby.

Appeal from Tarrant.   Tried below before Hon. R. E. Beckham.

This is an appeal from a judgment upon a verdict for $3000 for personal injuries alleged to have been sustained by appellee.   He alleged that at the time he was injured he was driving a team, which became frightened by one of the engines upon the road of the defendant, in consequence of which the frightened team overthrew his wagon, wounding and lacerating his ankle and breaking his leg, thereby causing permanent injury, etc.

The defendant answered with a general denial and plea of contributory negligence on part of the plaintiff.

After the jury was empaneled the counsel for defendant requested the court to appoint two or more competent physicians and surgeons to examine the plaintiff with a view to testifying to the extent, permanence, and character of the injuries.   This was refused.

The action of the court is given in the bill of exceptions as follows:
"Be it remembered, that on the trial of above entitled cause defendant,

by its counsel, before the reading of the pleadings, presented its motion requesting the appointment of two or more competent physicians and surgeons to examine plaintiff with a view to testifying in this cause, the said motion filed and a part of the records of this cause; and thereupon plaintiff's counsel filed a motion in answer to defendant's said motion; all of which having been considered by the court the defendant's motion for examination is refused, to which defendant now here in open court and before any further proceedings in said cause tenders its bill of exceptions to the rulings of the court for the reasons, to-wit: The allegations in plaintiff's petition are such as to call for the opinion of expert testimony, and defendant expressly leaves to the discretion of the court the selection of the physicians and surgeons, so as to obviate the objection as to railway physicians, and defendant asks that the said appointment and examination take place in a manner not to interfere with the trial or progress of this cause, and during adjournment for noon, it now being 11:30 o'clock a. m.; and defendant's said bill is now here before any further proceedings in said court approved and signed by the court and made a part of the records of this cause.

"The foregoing is correct, with this explanation, that the motion of defendant was filed after a jury had been empaneled and sworn by the court, and no evidence was offered by the defendant in support of said motion, the grounds for which having been denied by plaintiff.

"R. E. BECKHAM, Judge."

The opinion sufficiently details the other matters complained of.

*Alexander & Clark* and *J. W. Terry*, for appellant.— 1. In a proper case, where it appears necessary to a full and fair investigation of the facts, a party suing for personal injury may be ordered by the court to submit his person to examination of competent experts.

2. Where a minor suing by his next friend declares for personal injuries, and the basis of his recovery rests largely upon the permanent character of his injury and is largely to be computed from a date *in futuro*—i. e., when he attains his majority—a fair exercise of judicial discretion should upon reasonable demand of defendant subject plaintiff to examination by disinterested and competent physicians and surgeons; and when the record discloses that a party may have been materially prejudiced by the rulings of the court on such an application it becomes a proper subject for review in the Supreme Court.

3. In order for a party to recover for anticipated damage by reason of reduced capacity to labor, it should appear reasonably certain that such result will ensue. A mere possibility of such result is insufficient. White v. Railway, 18 Am. and Eng. Ry. Cases, 215; Railway v. Johnson, 72 Texas, 101; Shroeder v. Railway, 47 Ia., 376; Railway v. Thul, 10 Am.

and Eng. Ry. Cases, 791; Welch v. Sayre, 52 How. Pr., 334; Turnpike Co. v. Bailey, 37 Ohio St., 104; Pierce on Rys., 298.

4.   On improper appeals to jury.   Railway v. Kutac, 72 Texas, 653; Railway v. Cooper, 70 Texas, 67; Railway v. Irvine, 64 Texas, 535; Railway v. Hancock, 27 Am. and Eng. Ry. Cases, 325; Railway v. Jarrell, 60 Texas, 270.

5.   Where a verdict appears grossly excessive, and may have been influenced by wrongful rulings of the trial court or improper argument of counsel, it is the duty of the trial court, when the complaining party urges such error in motion for new trial, to grant relief by setting aside such verdict.   Railway v. Schmidt, 61 Texas, 282; Railway v. Ford, 53 Texas, 372; Railway v. Irvine, 64 Texas, 535; Railway v. Bracken, 59 Texas, 75; Chandler v. Meckling, 22 Texas, 44.

*Ball, Wynne & McCart,* for appellee.— 1.   Appellant's motion to have plaintiff submit to examination by physicians failed to show that such an examination was necessary.   There was no evidence offered that appellee had refused to submit to such examination.   His answer to said motion denied that he had refused, and stated that he had been theretofore willing to said examination.

The error complained of is unimportant, because the plaintiff was examined by two competent practicing physicians, who testified to the extent of the plaintiff's injuries.

The motion to have the court order plaintiff to submit to examination of physicians came too late.   It was not filed until the jury was empaneled and sworn; it did not show that any physicians were in court subject to the order of court.   There is no evidence in the record that there were any physicians in attendance at the trial except Drs. McGruder and Grammer, the physicians who examined plaintiff.   Railway v. Underwood, 64 Texas, 466; Railway v. Johnson, 72 Texas, 101.

2.   Such indiscretions in argument by counsel, though often rebuked by the Supreme Court, have never been held reversible errors, unless it was shown that some injury resulted to the complaining party.   Radford & Wood v. Lyon, 65 Texas, 472; Willis v. McNatt, 75 Texas, 69; Delk v. Punchard, 64 Texas, 360; Railway v. Larkin, 64 Texas, 461.

3.   The verdict of the jury is warranted by the evidence, and there is no material conflict.   Tel. Co. v. Simpson, 73 Texas, 422; Railway v. Smith, 72 Texas, 122; Railway v. Douglas, 73 Texas, 325; Railway v. Witten, 74 Texas, 202; Dries v. Frederick, 73 Texas, 460; Railway v. Shuford, 72 Texas, 165; Railway v. Mitchell, 72 Texas, 171; Brown v. Sullivan, 71 Texas, 479; Railway v. Porfert, 72 Texas, 344; Railway v. Ormond, 64 Texas, 490.

STAYTON, Chief Justice.—This action was brought by appellee,

through next friend, to recover for an injury which he claims resulted from the negligent management of appellant's train, whereby a team that he was driving became frightened and unmanageable and threw him from the vehicle in which he was.

It is not contended on this appeal that the evidence did not make a case in which appellee was entitled to recover some damages, nor is there any complaint that the cause was not submitted to the jury under a proper charge. After the jury had been empaneled appellant's counsel moved the court to appoint two or more competent physicians and surgeons to examine plaintiff with a view to testifying as to the extent, permanency, and character of the injury made the basis of his action. The motion stated that plaintiff had refused to submit to such an examination, but this was denied by plaintiff, and no evidence was offered to show what the truth was in reference to this matter. The court declined to make the appointment or to compel plaintiff to submit to the examination requested.

The injury of which plaintiff complained was one to the lower part of one of his legs, and on the trial this was submitted in the presence of the jury and court to the inspection and examination of two physicians, who testified fully as to the character of the injury. These physicians came as witnesses at request of counsel for appellee, but appellant brought none to inspect the limb, and rested content with its bill of exceptions to the ruling of the court in refusing to appoint and to require plaintiff to submit to an examination.

It is unnecessary in this case to determine whether in any case such a motion as was made in this case should ever be sustained, for if there be cases in which the court should take the responsibility of declaring who should be witnesses in a case and appoint physicians and surgeons with a view to that end, this should never be done unless in a case in which the ends of justice seem imperatively to demand it, and in no case should such an order be made when the party is willing to be examined by competent and disinterested men without such an order.

If, however, a court should refuse to make such an order under a state of facts that would justify it, this would not be ground for reversal if it appeared that during the trial opportunity for such examination was given.

On the trial of this case plaintiff submitted his injured limb for examination, it was examined, and there is no reason to believe that any physician or surgeon brought by appellant would have been refused an opportunity to make a full examination.

The nature of the examination was not such that propriety would forbid its being made in public, nor does it appear that the court room did not furnish all the facilities necessary for a thorough examination.

Two physicians who qualified themselves as experts testified in the cause, and it is urged that the court should have excluded their evidence because the motion to appoint surgeons or physicians to make an examination had been overruled, and on the further ground that their testimony showed that they were incompetent to testify as experts.

It was the right of appellee to introduce any competent evidence, even if the court had refused to furnish appellant proper means for the acquisition of evidence, but as we have already stated the court did not err in overruling the motion to appoint physicians.

Both of the physicians stated that they were graduates of reputable medical colleges. One had been in practice eight and the other thirty years, and stated that they had had experience in the nature and effects of wounds caused by bruises and contusions, and we see nothing in their evidence to show that they were not qualified to testify as experts.

Counsel for appellant assumes that they were not, but the judge who tried the cause held to the contrary, and we see no reason to doubt the correctness of his conclusions. When witnesses have qualified themselves to testify as experts this court would not feel authorized from an inspection of their evidence on the merits of the case to hold that they were not qualified to speak as experts.

To do so would in effect be to pass upon the weight to be given to their evidence on the merits for the purpose of determining their professional skill and experience.

The verdict was for $3000, and it is insisted that it was excessive and probably brought about by inconsiderate language used by counsel for appellee in argument.

The injury consisted of a bruise which had affected the bone of the injured limb, and the evidence shows that this affected the use of the limb at time of trial, which was about one year and a half after the injury was received, and that this condition was likely to continue and, as on trial, to be attended with pain.

The language used by counsel was, "This plaintiff after he has worked all day suffers so he can not sleep, and he has to work because he has a widowed mother to support."

This was not outside of the evidence, unless it be as to the necessity for him to work to support his mother; and looking to the amount of the verdict we can not say that it appears to be excessive, nor is there reason to believe that the language used influenced it.

It is suggested that plaintiff's injury was greatly aggravated by his failure to secure proper attention to the wound, and that for this reason the verdict was excessive. No such issue was made by the pleadings of defendant, no charge was requested upon that subject; but had the pleadings raised such an issue and the court refused a proper charge on that

subject it would be difficult to hold that there was evidence making it proper for the court to submit such an issue.

We find no error in the judgment, and it will be affirmed.

*Affirmed.*

Delivered October 28, 1890.