MINNESOTA BELT LINE RAILWAY & TRANSFER COMPANY *vs.* JOHN GLUEK and others.

February 27, 1891.

**Eminent Domain—Evidence of Value—Prices Offered.**—Upon the question of damages for the appropriation of land in condemnation proceedings, evidence of the prices previously offered the land-owner for the land taken is inadmissible; and the error in receiving it will be presumed to be prejudicial unless it is reasonably clear from the whole case that the finding or verdict could not have been influenced by it.

**Same—Rental Value and Rents Received.**—Upon cross-examination in such case, the land-owner who has testified to the value of the land taken and injuriously affected, and the uses to which it could be applied, may be asked as to its rental value and the rents received by the owners from tenants occupying the same.

**Same—Opinion of Expert—Basis of Estimate.**—Witnesses shown to be qualified to testify on the subject may, in the discretion of the court, be permitted to give their estimate of the damages to a particular tract from the construction of a railway through it, or the court may require them, in the first instance, to state the basis of their estimate.

In proceedings to condemn land for railway purposes, the land-owners severally appealed to the district court for Ramsey county, where the appeals were tried together before *Kelly*, J., and separate verdicts, aggregating $9,000, were rendered. The railway company appeals from an order refusing a new trial.

*F. D. Larrabee*, for appellant.

*Penney & Jamison* and *M. D. Munn*, for respondents.

VANDERBURGH, J. This is an appeal from the award of commissioners in the matter of the condemnation of certain lands described in the petition, for railway purposes.

1. Upon the trial in the district court, a witness for respondent, upon the question of damages, was asked the value of the land in question, on the day the award was filed, and answered, "About $1,200 per acre," and then volunteered the additional statement, "We were offered $1,100." Counsel for the railway company there-

upon moved to strike out that portion of his answer, but before the court had ruled on the motion, and while it was pending, counsel for respondent asked the witness, "Upon what do you base that opinion as to the value of the land taken by the railway?" Answer: "Because we were offered $1,100, and refused $1,100." Thereupon counsel for the railway company renewed his motion to strike out the answer of the witness, which the court refused, and this ruling of the court was duly excepted to. The result was to allow, upon the examination in chief, evidence of offers made for the property to go to the jury upon the question of damages. This was error. It was not competent for the land-owner to prove his damages in this way; and the rule could not be evaded by attempting to show that the offer for the property was the basis of the opinion of the witness. This evidence, objected to, was presumptively prejudicial. It is true there were several witnesses who placed a higher estimate upon the property, but there were some who testified that it was worth much less than the estimate of the witness referred to, or the offers testified to by him, and it is impossible to determine from the record how much the jury may have been influenced by the evidence in question.

2. There was evidence offered tending to show that the entire tract in question traversed by the railway had been and was still used as a farm, and rented as such, though it is evident that much of the testimony was based upon its increased market value arising from its proximity to the city; but, inasmuch as there was evidence in the case tending to show the damage to the tract considered as a farm by reason of the appropriation of that portion thereof taken by the railway, it was proper, on the cross-examination, to allow evidence of its rental value, or the amount it rented for. We think this fairly within the scope of the cross-examination, though, upon the whole record, it was probably of no great importance in this case.

3. Witnesses shown qualified to express an opinion in respect to the value of the property, and the effect upon it of the construction of the railway through it, were allowed, against the objection of the company, to state their opinion as to the extent of the damages. Under the decisions of this court, this was not substantial error,

though we think it ordinarily the better practice for the court to require the witness, in the first instance, to state particularly the basis of his estimate of the damages, as by stating the relative value of the property before and after the construction of the road. *Lehmicke* v. *St. Paul, S. & T. F. R. Co.*, 19 Minn. 406, (464;) *Emmons* v. *Minn. & St. Louis Ry. Co.*, 41 Minn. 133, (42 N. W. Rep. 789,) and cases. But this must be regarded as a matter resting largely in the discretion of the trial court.

There are no other questions in this case requiring consideration. Order reversed, and new trial granted.