JOHN T. SNODGRASS *v.* CITY OF CHICAGO

and

THE CHICAGO FOUNDRY SUPPLY CO. *v.* CITY OF CHICAGO.

*Filed at Ottawa October 29, 1894.*

1. CONDEMNATION—*compensation and damage, for the jury.* It is peculiarly for the jury, under the direction of the court, to fix compensation for and damage to city property, concerning which there is always great conflict.

2. SAME—*jury not bound to consider a change of use.* The jury is not bound to base its verdict upon the supposition that the then present use of the property will be changed.

3. SAME—*damages may have reference to a particular purpose.* If property is in use for a particular purpose when the petition is filed, the question is whether the market value is diminished *for that purpose,* or if there be no such market value, then what is the owner damaged *in that use.*

APPEAL from the Circuit Court of Cook county ; the Hon. FRANK BAKER, Judge, presiding.

Mr. FRANK F. REED, for the appellant John T. Snodgrass.

Mr. JULIAN W. MACK, for the appellant the Chicago Foundry Supply Company.

Mr. CHARLES C. GILBERT, and Mr. JOHN S. MILLER, Corporation Counsel, for the appellee.

Mr. JUSTICE BAKER delivered the opinion of the court :

This was a petition on the part of the city of Chicago, filed November 12, 1890, for the purpose of condemning land to open and widen Rockwell street, between West Eighteenth and West Nineteenth streets. Rockwell street was but thirty-three feet wide between West Eighteenth street and Van Horn street, and unopened between the latter street and West Nineteenth street, while the general width of said Rockwell street was sixty-six feet. The purpose of the petition was to take thirty-three feet

off of block 9, belonging to appellant Snodgrass, thirty-three feet off of block 5, belonging to the Chicago Foundry Supply Company, the other appellant, and thirty-three feet off of block 8, for the purpose of opening the street through and making it of uniform width. The parties claimed, in addition to compensation for the thirty-three feet taken from each, damages for those parts of the blocks not taken. On the trial the jury awarded the sum of $4857.75 compensation for the strip taken from block 5, and $1850 for that taken from block 9, but found no damages to the parts of the blocks not taken. Judgment being entered on the verdicts, the owners of both blocks appealed. By stipulation of counsel both appeals are submitted as one case, on the same record.

Objection is made by appellant Snodgrass that as to him the verdict of the jury is contrary to the weight of the testimony, both as to compensation and damages, while the foundry company only questions the correctness of the verdict as to it in that no damages were awarded for property not taken.

Two witnesses testified, on behalf of the city, as to the value of the strip taken from the Snodgrass block, one fixing its value at $1120 and the other at $1650. Three introduced by him fixed the value at $2287 and one at $3300. It is well known that there is no subject upon which witnesses more widely differ than in their estimates of the value of city property, and the rule that courts will not interfere with the verdict of a jury unless it is so manifestly contrary to the weight of the testimony as to indicate that it was the result of prejudice, passion or undue influence, applies with its full force of reason in all cases of this kind. As we said in *Shevalier* v. *Seager,* 121 Ill. 564 : "Here was a conflict. Who was to determine it? Manifestly the jury. How were they to do it? Certainly not according to the number of witnesses, without regard to their intelligence, means of information, integrity, etc." In the proceeding now before us the jury fixed the

value of the land at a greater sum than that named by either of the witnesses for appellee, and at a less sum than that named by those introduced by the property holder. The jury saw the witnesses and heard their answers to questions, both in chief and upon cross-examination. There is nothing whatever in the record to indicate that their verdict on this branch of the case was not the result of fairly and impartially weighing all the evidence. The circuit court found no just cause for setting it aside, and it is not for us to interfere.

On the other question raised on the testimony by the appellant Snodgrass, viz., was the jury justified by the evidence in finding no damages to property not taken, there is also an irreconcilable conflict in the testimony. It is settled by a long line of decisions of this court, that in ascertaining whether property not taken in a proceeding like this will be damaged, the real question is, will its market value be less with the improvement than it would be without it. None of the witnesses on this trial seem to have been interrogated with direct reference to this rule, but several of those introduced by the petitioner did testify that in their opinion no damage would result to the remainder of the blocks by the improvement of the street. A larger number introduced by the appellant Snodgrass testified to the contrary, but they based their opinions upon the fact that they considered the property adapted to use for manufacturing purposes or for a grain elevator, and that by taking off part of it for the street, facilities for laying railroad switches would be decreased, etc. It was not shown by the cross-petition that the property was actually in use for either of those purposes, or that the owner intended to appropriate it to such uses or sell it for either of those purposes, neither was it shown by testimony that it was not equally valuable or could not be sold for other purposes. While it was proper for these witnesses, in making their estimates of the damages, to take into consideration any use to which they

thought the property might be profitably appropriated, the jury were not bound to base their verdict upon the supposition that it would be appropriated to a use other than that to which it was then devoted. The block was, at the time of this proceeding, vacant, and the owner had the right to keep it in that condition, place improvements on it as he chose, or sell the whole or any parts of it, and for such purposes as he deemed most profitable to him. The question for the jury was, whether, upon the whole evidence, and for any and all purposes for which the property might be used or sold, its market value would be less with the improvement than without it. This question, like the one previously considered, is not necessarily to be determined by the mere number of witnesses testifying *pro* or *con*. It was the province of the jury, under the supervision and directions of the circuit court, to weigh the testimony of the different witnesses, and determine upon which side the evidence preponderated. We find nothing to indicate that this was not fairly and impartially done in this case as to block 9, owned by appellant Snodgrass. His counsel insists that the circuit court erred in refusing to allow his witnesses to state some of the items of damages going to make up the gross amount of damages testified to by them. These witnesses did give their reasons fully for their conclusions, and stated fully the items upon which they based their judgments as to the damages. The excluded evidence consisted principally, if not altogether, of mere matters of detail that were included in answers already given, such matters of detail being suggested by counsel in their questions. There was no prejudicial error in the rulings of the court in regard thereto.

It is also insisted, on his behalf, that the modification of his seventh instruction was error. That instruction, as asked, was intended to lay down the law as to the power of the city to prevent the laying of railroad tracks or switches in its public streets. It was given substan-

tially as asked. The modification only took from it the objectionable feature of argumentativeness. We find no substantial error in the record as to the appellant Snodgrass.

As before indicated, the foundry company is content with the judgment below as to its compensation for land taken, but it, also, insists that the verdict of the jury against it on the question of damages to the part of the block not taken is contrary to the evidence, and that the circuit court erred in excluding evidence offered by it on that branch of the case. The cross-petition of this appellant is very different from that of Snodgrass. It alleges : "Said tract is especially adapted to the use of a foundry, and was purchased by defendant with the intention of locating foundry, mills and warehouses thereon, and that the entire frontages are necessary for the purposes, and were, prior to the commencement of the suit, appropriated therefor; that if the west thirty-three feet of block 5 be taken for street purposes, it will be compelled to build a warehouse on some other part of the tract not adjacent to the railroad, and that part of the tract not appropriated will be depreciated in value for foundry purposes, and the owner thereof put to great expense and damage on account of the drayage, teaming and hauling caused by change in the location of such warehouse." In the absence of proof that the block is not suitable for foundry purposes, the damages must be estimated on the theory that it is to be so used, and the question would be whether its market value is damaged for that purpose, or, if it had no such market value and was used for that purpose, what was the damage to the owner in that use. While, from an examination of the plat filed, we are of the opinion the witnesses for the foundry company made an unreasonably high estimate of the damages, yet the clear weight of the evidence is that the remainder of the block would be damaged for that use. The two witnesses on the part of appellee say it was not damaged

generally.  They do not say it was not damaged for the use named in the petition.  Four witnesses say it was damaged on the grounds mentioned in the petition.  The weight of the evidence is therefore with the foundry company that the part of the block not taken is damaged, by opening this street, in the use for which it is appropriated, and the circuit court erred in not setting aside the verdict of the jury on that branch of the case and granting it a new trial.

The excluded evidence of Delano and Obermayer, on this branch of the case, should have been admitted.  The mere fact the former "was not in the real estate business" did not render him incompetent as a witness, and, as already stated, the land was purchased for the purpose of locating a foundry and warehouse, and the evidence showed it was specially adapted for that use.

The judgment of the circuit court will be affirmed as to appellant Snodgrass.  As to the Chicago Foundry Supply Company the judgment of the circuit court will be reversed and the cause remanded.

*Judgment affirmed in part and in part reversed.*