GEORGIA A. AMORY *vs.* INHABITANTS OF MELROSE.
HARRIET E. HILL *vs.* SAME.

Middlesex.    November 22, 1894. — January 2, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Land Damages — Expert — Evidence.*

Whether or not a person called as an expert witness shall be allowed to testify to his opinions in a case, while largely within the discretion of the presiding judge or officer, is yet a question of fact for his decision.

At the trial of a petition for the assessment of damages for the taking of land to widen a street in a town in the vicinity of Boston, a person was called as an expert witness who had been long engaged in the real estate business in Boston, and was also an auctioneer. He had been making foreclosure sales in the vicinity of Boston for twenty years, and testified that he had sold land in all parts of the town in question; that he might have made twenty-five or thirty sales there, or double that number; and that he had made public sales of real estate in almost every town in the vicinity of Boston. Another person, also called as an expert witness, who had been in the real estate business for more than twenty years, although he had never bought or sold land in the town in question, testified that he had been familiar with the value of real estate in the vicinity of Boston, and with the cutting up of real estate. *Held,* that it could not be said, as matter of law, that the judge erred in finding the witnesses to be qualified as experts.

At the trial of a petition for the assessment of damages for the taking of land to widen a street in a town, a witness, who on his direct examination had testified to the price paid two months before the taking for a vacant lot in the vicinity of the land taken on the same street, was asked, on cross-examination, what price was paid two months after the taking for a large lot of land, upon which were a house and a stable, directly opposite the other lot testified to. This evi-

dence was excluded. *Held*, that it could not be said, as matter of law, that the judge erred in finding that the lot as to which the evidence was offered was not sufficiently similar to the petitioner's land, and in excluding the evidence.

BARKER, J.   These cases were petitions for the assessment of damages for the taking of land from the front of the petitioners' house lots to widen a street.   The respondent now contends that two persons were improperly allowed to testify as experts, and that a witness who testified as to the price of a lot of land in the vicinity was not allowed, in answer to questions of the respondent, to testify what price was paid for another lot directly across the street from the former.

Whether or not a person called as an expert witness shall be allowed to testify to his opinions in a case, while largely within the discretion of the presiding judge or officer, (see *Tucker* v. *Massachusetts Central Railroad*, 118 Mass. 546,) is yet a question of fact for his decision.

We think there was no error in admitting the witnesses as experts, and that it cannot be said that, when it became the duty of the presiding justice to pass upon the question, he could not in law, upon the evidence before him, find the question of fact in favor of the petitioners.   The subject of investigation before the jury was the amount of damage occasioned by the widening of a street to land and buildings situated in the vicinity of Boston. It involved, besides the value of the land taken, the damage or benefit to the remaining lands, and to some extent the cost of retaining walls and of the removal of buildings.   The two persons called as experts had each been long engaged in the real estate business in Boston, and one was also an auctioneer.   He had been making foreclosure sales in the vicinity of Boston for twenty years, and testified that he had sold land in all parts of Melrose, saying that he might have made twenty-five or thirty sales in Melrose, or double that number, and that he had made public sales of real estate in almost every town in the vicinity of Boston.   The other witness had been in the real estate business since the year 1870, and although he had never sold or bought land in Melrose, testified that he had been familiar with the value of real estate in the vicinity of Boston, and with the cutting up of real estate.   In our opinion, these facts showed such an extensive knowledge of the value of real estate in the locality,

and such an extensive experience in dealing with it, as to make it impossible for us to say that, as matter of law, in finding as a fact that the witnesses were qualified as experts, the presiding justice was wrong. Very much must in such cases be left to the experience and the practical sense and judgment of the magistrate who sees the witness and can form a judgment whether he magnifies or modestly depreciates his special knowledge and experience.

The remaining exception is to the exclusion of evidence as to the price paid for a lot of land on the same street with the petitioners' land, and not far away. This lot was sold in April, 1892, and was seventy-five feet wide upon the street and nearly three hundred feet deep, and had upon it a house and a stable. The question as to the price paid for it was asked in the cross-examination of a witness who had testified upon direct examination to the price paid in December, 1891, for a vacant lot directly opposite upon the same street. The taking for which the damages were claimed was on February 13, 1892.

The respondent proposed to show what the buildings on the lot sold in April, 1892, were worth, and that, not valuing the buildings at any price, the whole price paid was much less per foot than the price which the witness testified that land in that section was worth. As this lot was upon the same street and in the same vicinity with the lands of the petitioners, and the sale was quite near in point of time, the admissibility of the evidence depended upon the finding of the presiding justice as to whether the lot was in fact sufficiently similar to the lands of the petitioners. *Paine* v. *Boston*, 4 Allen, 168. *Shattuck* v. *Stoneham Branch Railroad*, 6 Allen, 115.

We cannot say, as matter of law, that he was wrong in finding that the lot was not sufficiently similar, and in excluding the evidence.

*Exceptions overruled.*

*F. S. Hesseltine*, for the respondent.
*W. B. Stevens*, for the petitioners.