N. E. BRUEL ET AL. v. LIGGETT & MEYERS TOBACCO
COMPANY ET AL.

Decided May 7, 1902.

**Claimant's Bond—Extent of Liability—Parol Evidence.**

The liability of sureties upon a claimant's bond for the trial of the right
to property seized under execution is measured by the terms of the bond, and,
in the absence of an allegation of fraud or mistake, can not be varied by evi-
dence that the bond was given under a parol agreement between counsel for
plaintiff in execution and the claimant that the property should be valued at
a certain sum, whereby the sureties understood their liability to be limited to
that amount.

Appeal from McLennan. Tried below before Hon. Marshall Surratt.

*D. A. Kelley,* for appellants. Their second assignment of error was
as follows: The court erred in awarding and adjudging in favor of each
one of the three execution creditors and plaintiffs 10 per cent damages
on the value of the property levied upon. Besides being in violation of
the agreement shown in the bill of exceptions, this will be treble damages
amounting to $750, which is three times 10 per cent upon $2500, the
proven value of the property.

*L. W. Campbell,* for appellees.

FISHER, CHIEF JUSTICE.—This case is a consolidated one of three
suits for the trial of right of property. The appellees in the three suits
had executions issued upon judgments obtained by them in each of their
suits against the defendant N. E. Bruel, which were levied upon the
property in controversy. The three suits so consolidated were for the
trial of the right to that property. The property in dispute was a stock
of goods, a lot of furniture and fixtures, and a soda fountain, levied upon
as the property of R. C. Bruel, the husband of the claimant, Mrs. N. E.
Bruel, who when the levies were made filed three separate affidavits under
the statute, and gave three separate bonds, all in the form required by
the statute. Two of these bonds were for the sum of $1200 each, and
one of them was for $1100; all were signed by Mrs. Bruel and her
husband as principals, and the appellants Moorefield, Kemendo, Sim-
mons, Archenhold, and Thompson as sureties. After the affidavits and
bonds were filed and the causes were docketed, the three cases were con-
solidated and were tried on written issues tendered by the respective
parties.

Mrs. Bruel claimed the property as her separate property, alleging
that she was a purchaser of it, paying for it with her separate means,
and that when the levy was made it was in the possession of her husband
as her agent. The appellees denied that the property was her separate
property, and charged that when the conveyance was made to her, Bruel,

her husband, was insolvent, and that she had no separate property, and that the conveyance was made to hinder, delay, and defraud creditors.

The case was tried on special issues, and the jury found in substance that the conveyance was fraudulent and without consideration, and that the property levied upon was worth $2500. This amount was more than enough to pay all the three judgments, interest thereon and costs, and the statutory 10 per cent damages. The court rendered judgment against the claimant and her bondsmen in favor of each of the judgment creditors for the amounts only of their judgments, interest, and costs, and 10 per cent damages on the debts and interest; the aggregate amount of all these judgments being about $1700, the judgment on neither bond being equal to the amount of such bond.

We find that the evidence in the record is in accord with the above statement, and is sufficient to support the verdict of the jury. Immediately after the concluding part of the statement of facts we find in the record this agreement signed by the parties: "The plaintiff, Liggett & Meyers Tobacco Company, and others, waive the preparation and filing of a full statements of facts in the above consolidated causes, with the understanding and agreement that no other question is to be presented on appeal than that raised in defendant's bill of exception dated October 30, 1901, and filed in this cause November, 1901." This bill of exception is as follows:

"Be it remembered that upon the trial of the above styled and numbered cause in the District Court of McLennan County, on the 15th day of October, 1901, that the defendant (claimant) placed R. C. Bruel upon the stand as a witness and offered to prove and could have proven by him, that when the property in controversy and claimed herein was levied upon, the officer, Dee Cook, levied all three of plaintiffs' executions upon said property at one and the same time, and that L. W. Campbell, who was the attorney for each and all of the execution creditors, being plaintiffs herein, agreed with claimant's attorney, W. W. Evans, that the property thus levied upon, seized under and by virtue of the three executions aforesaid, should be placed at the valuation of $600, as constituting the total value of the property levied upon, according to the agreement of counsel, and that the sureties on each and all of the bonds were the same, and that they all understood that their liability on all of the bonds was upon the basis that the property claimed under all of the executions was of the value of $600. The claimant contended that this was the extent of the liability on all of the bonds, but the court, upon objections being made by the plaintiffs' counsel that the bonds respectively defined the liability of the obligors therein, and that each bond showed for itself the liability of the bondsmen, which could not be varied by any outside proof. The court declined to allow the claimant to make proof as suggested, and thereupon the claimant excepted," etc.

Appellants' first assignment of error complains of the refusal of the court to admit this evidence. There is no ambiguity or uncertainty in

the terms of the bonds, and there are no pleadings which allege any fraud or mistake that would authorize the admission of parol evidence to control the legal effect of these documents. Such being the case, the bonds speak for themselves, and the liability and the extent thereof, as therein defined, can not be controlled or varied by the evidence which was sought to be offered for that purpose.

Appellant's second assignment of error is controlled by the agreement which we have set out in this opinion. In view of this agreement, it is not a question that can be raised.

We find no error in the record and the judgment is affirmed.

*Affirmed.*

Writ of error refused.