CHICAGO, ROCK ISLAND & GULF RAILWAY COMPANY v. J. B. CLARK.

Decided May 14, 1910.

**1.—Household Goods—Market Value—Qualified Witness.**

The mere fact that a witness admitted on cross-examination that he did not know of any sales of second-hand household goods at a certain time and place, would not necessarily disqualify him from testifying as to their market value at said time and place. He may have known the market value in many other ways.

**2.—Same.**

The issue being as to the market value of second-hand feathers, the court erred in excluding the testimony of a witness as to such value who stated that although he had never bought or sold, nor seen bought nor sold any second-hand feathers at the particular place in question, yet he knew the market value of such feathers at or near that place by having received the market quotations for the same covering that date and place; that he had bought and sold both new and second-hand feathers at other places in the United States and in Mexico; that there was a general and tolerably stable market for said commodity and practically the same prices obtained all over the United States; that the market quotations are acted upon by dealers in different parts of the country.

**3.—Appeal—Remittitur—Practice.**

Where testimony as to the market value of an article in controversy is improperly excluded, the appellate court may require the appellee to remit the difference between his testimony and the excluded testimony as to value, as a condition upon which the judgment will be affirmed.

Appeal from the County Court of Potter County. Tried below before Hon. W. M. Jeter.

*N. H. Lassiter, Robert Harrison* and *Turner & Boyce,* for appellant.

*Cooper & Stanford* for appellee.

CONNER, CHIEF JUSTICE.—On appeal from a Justice Court appellee recovered a judgment against appellant for the sum of one hundred and sixty-five dollars, as the value of certain household articles given to appellant for shipment from Amarillo, Texas, over the line of appellant's road to Columbus, Kentucky, some time during August or September, 1907, and never delivered.

While appellant insists that there is no evidence that it ever received the goods in question for shipment, we think this can scarcely be doubted in view of the evidence showing that appellant about the time alleged issued its bill of lading therefor.

As we construe the record, there is really but two questions presented that we need discuss. They are, first, were the witnesses who testified for appellee as to the market value of his goods in Columbus,

.qualified to speak on the subject, and second, did the court rule correctly in excluding the testimony of C. P. Roberts for want of qualification on the same subject?

On the first question we can not say that the court committed error. Appellee's witnesses all testified that they were familiar with the goods in question, and knew their reasonable market value at Columbus, Kentucky, in August and September, 1907, though each, on cross-examination admitted that he or she had not known of a sale of second hand household goods at that place those two months. The mere fact, however, that they may not have known of sales during the months named would not necessarily disqualify them. They may have known the market value in many other ways, and the simple fact so stated on cross-examination is not sufficient in our judgment, to justify a holding that the court erred in overruling the objection to their testimony on the ground that they were not qualified.

On the second question, however, we think appellant's contention must be sustained. Among the articles for which appellee sued, there were one fifty-pound feather bed and four five-pound feather pillows, the value of which was fixed by the testimony of appellee at ninety-five cents per pound. Appellant offered to prove and could have proven, so the bill of exception shows, by the witness, Roberts, that "the reasonable market value of second hand feathers at or near Columbus, Kentucky, and Hickman County, Kentucky, during the months of August and September, 1907, ranged from thirty-five to forty cents per pound, owing to the condition of the particular feathers being sold." This was objected to, and excluded on the ground that the witness was not qualified on the subject, but we think in this the court erred. He testified, as appears from the statement of facts, among other things, that although he had "never bought nor sold, nor saw bought nor sold any second hand feathers at or near Columbus, Hickman County, Kentucky," yet that he knew the market value of second hand feathers at or near that place "by reason of having received the market quotations for second hand feathers, which covered this date." He further testified to an experience in El Paso and Amarillo, Texas, and at Shauwah, Mexico, in furniture and second hand stores and in buying and selling both new and second hand -feathers; that "there is a general and tolerably stable market for both new and second hand feathers, and practically the same prices obtain all over the United States;" that he knew the market value of second hand feathers in Amarillo during the months of August and September, 1907, by reason of buying and selling the same, and "knew the reasonable market value of feathers in other portions of the United States by reason of having received regularly, reports from important feather markets near Nashville, Tennessee, and St. Louis, Missouri." That "quotations are given general circulation and are acted upon by .dealers in feathers in different parts of the country;" that "the re- .ports received from Nashville, Tennessee, and St. Louis, Missouri, quoted prices covering the State of Kentucky." We think the witness showed himself qualified to give his opinion and that the court erred in excluding it.

This conclusion, however, need not necessarily cause a reversal of

the case. The difference in value of the feathers at the price stated by appellee's witnesses, and at the lowest price stated by Roberts amounts to forty-two dollars, which, if deducted from the amount of appellee's recovery, would necessarily deprive the court's ruling of any prejudicial effect. It is accordingly ordered that if appellee within twenty days shall remit the sum of forty-two dollars, the judgment for the remainder will be affirmed, otherwise it will be reversed and the cause remanded, appellee to pay the costs of this appeal, in any event.

*Affirmed on Remittitur.*