## BYRD IRR. CO. v. SMYTH.

(Court of Civil Appeals of Texas. San Antonio. April 2, 1913. On Motion for Rehearing, April 30, 1913. Rehearing Denied May 28, 1913.)

1. TRIAL (§ 25*)—RIGHT TO OPEN AND CLOSE.

Where defendant admitted all the allegations of plaintiff in a proceeding to condemn land for an irrigation project except an issue as to the amount of land included in the field notes of the land surveyed for condemnation, which was rendered immaterial by subsequent agreement of the parties, the court properly granted to defendant the right to open and close under Rev. St. 1895, arts. 1297–1299, and District Court Rule 31 (142 S. W. xx), providing that the right to open and close belongs to the party who has the burden of proof on the whole case under the pleadings, and that if, after the issues of fact are settled and before the trial, defendant shall admit that plaintiff has a good cause of action as set forth in the petition, except so far as it may be defeated, in whole or in part, by the facts of the answer constituting a good defense, which may be established at the trial, defendant may be given the right to open and close.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 44–75; Dec. Dig. § 25.*]

2. APPEAL AND ERROR (§ 971*)—REVIEW—MATTERS OF DISCRETION—QUALIFICATION OF WITNESS.

What is sufficient to qualify a witness to give his opinion concerning the value of land is largely within the discretion of the trial court, the exercise of which will not be disturbed on appeal unless clearly shown to have been abused.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3852–3857; Dec. Dig. § 971.*]

---

3. EVIDENCE (§ 474*)—WITNESSES—VALUE OF LAND—QUALIFICATION.

A witness as to the value of land sought to be condemned is not usually within the definition of an expert, and is qualified to give his opinion if he possesses sufficient knowledge to enable him to arrive at an intelligent opinion of the value of the land in question, based on familiarity with the land, a knowledge of its quality and uses, prices of other land of a similar nature in the same section of country, or other pertinent facts which may satisfy the trial court that he is competent to testify to the value as a fact.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2196–2219; Dec. Dig. § 474.*]

4. EVIDENCE (§ 474*)—VALUE OF LAND—OPINION—QUALIFICATION OF WITNESS.

Where a witness testified that he was a civil engineer, had lived in the vicinity of the land in question for seven years, had been over it a number of times, knew its character, had platted it, and knew its market value, and on cross-examination stated that he had known of several sales of land in the vicinity, though most of which was several miles distant, and in a general way described the quality of the land in some other tracts, the court properly permitted him to give his opinion as to the value of the land.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2196–2219; Dec. Dig. § 474.*]

5. EVIDENCE (§ 474*) — VALUE — WITNESS — QUALIFICATION.

When a witness has stated that he knows the market value of land sought to be condemned, he has prima facie qualified himself to state such value.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2196–2219; Dec. Dig. § 474.*]

6. APPEAL AND ERROR (§ 882*)—RIGHT TO ALLEGE ERROR.

Appellant cannot complain of the introduction of a certain kind of evidence to show damages in a condemnation proceeding, where he himself introduced the same character of evidence by his own witnesses.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610; Dec. Dig. § 882.*]

7. EMINENT DOMAIN (§ 222*)—LAND TAKEN—DAMAGES.

In a proceeding to condemn land, an instruction that the jury should consider the damages, if any, to lands situated outside the limits of the land sought to be condemned by reason of cutting such lands off from water if the jury found the improvement would do so, and by reason of cutting the remaining land up into irregular shapes, and inconvenience, if any, in defendant's use of the same, and find for defendant the difference in the market value of the land, if any, before and after the taking, which damage, if any, the jury should find in addition to the value of the land taken for the reservoir, was erroneous as permitting a double recovery in authorizing the jury to believe that they were to add such additional damage to the difference in the market value before and after the condemnation.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 562–567; Dec. Dig. § 222.*]

8. EMINENT DOMAIN (§ 190*)—PLEADING.

In a proceeding to condemn land for an irrigation project, a document filed by petitioner, tendering defendant the use of water from the proposed reservoir on stated conditions, in mitigation of damages was not a pleading and was properly stricken.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 508; Dec. Dig. § 190.*]

9. TRIAL (§ 208*)—EXCLUSION OF EVIDENCE FROM CONSIDERATION.

In condemnation proceedings, a map made by a surveyor to estimate the amount of rough land in the reservoir tract sought to be condemned, but which the witness admitted was not made by actual survey and was only an estimate, though admitted in evidence without objection, should have been excluded on a request to charge that the jury should not consider it.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 504; Dec. Dig. § 208.*]

### On Motion for Rehearing.

10. APPEAL AND ERROR (§ 1051*)—EXCLUSION OF EVIDENCE—PREJUDICE.

The wrongful admission of a rough map of property sought to be condemned and the refusal of a request that the jury should not consider it was not such an error as would justify a reversal, where the portion of the map objected to was only cumulative.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. § 1051.*]

Appeal from District Court, Uvalde County.

Action by the Byrd Irrigation Company against J. G. Smyth. From a judgment awarding damages for the condemnation of certain land for an irrigation project, plaintiff appeals. Affirmed on rehearing.

Mangum & Townsend and Mason Williams, all of San Antonio, and Love & Williams and Jno. W. Hill, all of Uvalde, for appellant. Martin & Martin and L. Old, all of Uvalde, and T. M. West, of San Antonio, for appellee.

TALIAFERRO, J. This was an action by the Byrd Irrigation Company, a corporation, to condemn a tract of land in Uvalde county belonging to J. G. Smyth, appellee, for the purpose of constructing dams, reservoirs, and canals to be used for irrigation purposes under the powers conferred upon it by its charter under chapter 2, title 60, of the Revised Statutes. A commission was appointed by the county court, in accordance with the law, to fix the amount of land and assess the damages. Report was duly made by the commission, and from that report appeal was taken to the county court. The case was there tried before a jury, who rendered a verdict fixing the amount of land at 6,081.41 acres, the value of the land at $20 per acre, and the damage to the balance of appellee's land which would result from the construction of the reservoir, at $2 per acre on 9,918.59 acres, or a total of $141,465.38. A remittitur of $2,000 was entered in the lower court, and a judgment entered for $139,-465.38.

[1] Appellant's first and second assignments of error complain because the court permitted the appellee to open and close in adducing his evidence and in the argument to the jury. The right to open and close in the trial of a cause is regulated by statute, and, briefly stated, belongs to the party who has the burden of proof on the whole case under the pleadings. R. S. 1895, arts.

1297–1299. Upon the articles of the statutes is based District Court Rule 31 (142 S. W. xx), which provides that the plaintiff shall have the right to open and close unless the burden of the whole case rests upon the defendant, or unless all the defendants, if there be more than one, "shall, after the issues of fact are settled and before the trial commences, admit that the plaintiff has a good cause of action as set forth in the petition, except so far as it may be defeated, in whole or in part, by the facts of the answer constituting a good defense, which may be established on the trial." It is doubtful whether the admission contained in the motion to open and conclude, filed by appellee in this case, came fully within the terms of rule 31. But if it was deficient, the deficiency was only in reference to the issue of the amount of land included in the field notes of the land surveyed for condemnation, and this was rendered immaterial by the fact that the parties agreed upon this question and no burden of proof was placed upon either party. Assignments 1 and 2 are overruled.

Appellant's third assignment of error complains of the admission of the evidence of W. M. Jourdan, upon the value of the land to be taken for the reservoir, because it is contended that the witness was not shown to have qualified to testify as to the value of the land.

[2] What is sufficient to show the qualification of a witness to give his opinion concerning the value of land is very largely in the discretion of the trial court, and its conclusion upon such a matter will not be disturbed by the appellate court unless it be clearly shown that he has abused his discretion. G., C. & S. F. Ry. Co. v. Norfleet, 78 Tex. 321, 14 S. W. 703; Railway Co. v. Houghton, 68 S. W. 718; 17 Cyc. 31; Telephone & Telegraph Co. v. Forke, 2 Willson, Civ. Cas. Ct. App. 365.

[3] Such a witness does not necessarily, nor does he usually, come within the definition of an expert, and the knowledge which he should possess is such as enables him to arrive at an intelligent opinion of the value of the land in question, based upon a familiarity with the land, a knowledge of its quality and uses, the price of other land of a similar nature in the same section of country, or other pertinent facts which may satisfy the trial court that he is competent to testify to the value of the land as a fact. I. & G. N. Ry. Co. v. Klaus, 64 Tex. 294; Railway Co. v. Hepner, 83 Tex. 140, 18 S. W. 441; Railway v. Ruby, 80 Tex. 172, 15 S. W. 1040; Railway v. Fagan, 72 Tex. 130, 9 S. W. 749, 2 L. R. A. 75, 13 Am. St. Rep. 776. The necessity, upon which is based this exception to the rule that permits only witnesses specially skilled as experts in the matters about which they are called to testify to give their opinion as evidence, was the impossibility, at times, of presenting clearly to the mind of the court, or jury, the knowledge possessed by such witness, by merely stating the facts upon which the opinion was based. G., C. & S. F. Ry. Co. v. John, 9 Tex. Civ. App. 342, 29 S. W. 558, and cases cited. The knowledge that is thus contemplated is such an understanding and experience as to enable the witness to give to the jury information not naturally possessed by them in a more exact manner than would be conveyed to them by a mere statement of the facts. Cooper v. State, 23 Tex. 331; Snodgrass v. Chicago, 152 Ill. 600, 38 N. E. 790; Lyman v. Boston, 164 Mass. 99, 41 N. E. 127; Railway v. Blake, 116 Ill. 163, 4 N. E. 488; Railway v. Harmoson, 22 S. W. 764.

[4] In this case the court did not abuse its discretion in admitting the evidence of Jourdan. Upon direct examination he testified that he was a civil engineer; that he had lived in the vicinity of the land for seven years; that he had been over it a number of times and knew the character of the land; that he had platted the land; and that he knew its market value. On cross-examination he said that he was not a farmer, but that he had a knowledge of lands and had long been a surveyor of lands. He stated that he knew of several sales of land in the vicinity, most of which was several miles distant. He did not, by express terms, make a comparison as to the kind and quality of the land in question with the lands said to have been sold, nor does it appear that appellant examined him upon this point. But he did in a general way describe the quality of the 6,081.41 acres and also of some of the other tracts, and by an examination of his evidence it will be seen that the land to be condemned was of a better quality than the other tracts. In the measure of comparative value of lands, what is sufficiently near or what is too remote to form a criterion is a question also within the sound discretion of the trial court, and a liberal latitude for such discretion must be allowed by the higher courts. Amory v. Melrose, 162 Mass. 556, 39 N. E. 276; Phillips v. Marblehead, 148 Mass. 326, 19 N. E. 547.

The third assignment of error is overruled.

[5] What has been said also disposes of assignments Nos. 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, and 20, all of which object to the admission of evidence as to the value of the property to be condemned. Some of these witnesses showed but a meager qualification to give an opinion as to value, but most of them testified that they knew the market value and thereupon gave their opinion. When a witness has stated that he knows the market value of the property in question, he has prima facie qualified himself to state such value. The court should, if requested, permit a full and complete examination of such witness by opposing counsel to test the source and accuracy

of such knowledge before admitting the evidence. When the evidence has been admitted by the court, the quality and weight of the evidence is for the jury; the discretion of the court, only, in admitting the evidence, is a question of law for this court to pass upon. M. P. R. R. Co. v. Fagan, 72 Tex. 130, 9 S. W. 749, 2 L. R. A. 75, 13 Am. St. Rep. 776; M., K. & T. Ry. Co. v. Woods, 31 S. W. 237; C., R. I. & G. Ry. Co. v. Clark, 129 S. W. 186; Cluck v. Railway, 34 Tex. Civ. App. 452, 79 S. W. 80; Railway v. Gluek, 45 Minn. 463, 48 N. W. 194; Goodwine v. Evans, 134 Ind. 262, 33 N. E. 1031; Harris v. Schuttler, 24 S. W. 989; Elevator Co. v. Railway Co. (Mo.) 33 S. W. 926; Moore v. Railway Co., 78 Wis. 120, 47 N. W. 273.

[6] Appellant's eighteenth and nineteenth assignments of error complain of the admission of evidence as to the value of that portion of appellee's land outside of the proposed reservoir, upon the ground that such is the wrong measure of damages. Appellant is in no position to complain of this action of the court because it, by several of its own witnesses, introduced evidence to the same effect. Its reason for doing so is revealed only by a qualification of its eighteenth bill of exception, wherein the court states that the theory of the measure of damages of both parties at the trial was the same, and this evidence was presented by appellant upon that theory. Be that as it may, the appellant cannot make proof of a fact itself and then complain because appellee makes like proof.

There is no merit in appellant's twenty-first assignment of error, and it is overruled.

[7] By its twenty-second assignment of error the appellant complains of the charge given by the court to the jury upon the measure of damages to that portion of appellee's land not included within the portion condemned, as follows: "You will also consider the damages, if any, to the lands situated in the Dawson and Turkey Creek pastures, outside of the limits of the land sought to be condemned, by reason of cutting said lands off from water, if you find it does so, and by reason of cutting said remaining lands up in irregular shapes, if you find such to be the case, and the inconvenience, if any, in defendant's use of same, and you will find for the defendant, J. G. Smyth, the difference in the market value of the said land, if any, before the taking and after the taking, which said damage, if any, you will find in addition to the value of the land taken for the reservoir."

The grounds of appellant's objection to this charge are that it permits a double recovery, that it unduly emphasizes parts of the testimony, and that it instructs the jury that they may, if one state of facts is proven, determine therefrom the existence of other facts which are in issue. The charge is clearly subject to the first of the objections urged. The measure of damages in such case is the difference between the market value of the land immediately before and its value immediately after the act causing its injury. Railway v. Hogsett, 67 Tex. 685, 4 S. W. 365; Railway v. Schofield, 72 Tex. 496, 10 S. W. 575; Railway v. Evans, 47 S. W. 280. If this charge had so instructed the jury, and had then informed them that in determining the measure of damages they could consider the surrounding results and effects of cutting the reservoir tract out of the land, such as dividing the land into irregular shapes, cutting same off from the water, and the inconvenience resulting therefrom, if they found that such effect resulted therefrom, it would have been in accord with the authorities cited by appellee and holding that the items of damage which the evidence tends to prove may be specifically referred to in the charge. All of the decisions on this point presuppose a correct instruction as to the measure of damages as a basis for the enumeration of the elements of which the damages may be composed. Railway v. Elliott, 148 S. W. 1125; Railway v. Boothe, 126 S. W. 701; Railway v. Hughes, 73 S. W. 976; City v. Coffin, 40 Tex. Civ. App. 54, 88 S. W. 502. In this case the charge is so worded as to necessarily lead the jury to believe that appellee was entitled to recover, not upon the difference in the market value of the land as ascertained by considering the matters named, but upon each specification of damage separately in addition to the difference in the market value. That the jury believed such to be the meaning of the court, and based their verdict upon that belief, is made very evident by the fact that they found the damage to the land outside of the reservoir tract to be nearly half the land's full market value. The evidence showed this land to be worth $4.50 per acre; the jury fixed the damage thereto at $2 per acre.

The twenty-second assignment of error is sustained.

What has been said renders it unnecessary to pass upon assignments Nos. 23, 24, 25, 26, 29, 30, 31, 32, 33, 34, and 35.

[8] The court did not err in striking out the so-called "pleading" of appellant which tendered appellee the use of water from the proposed reservoir, upon stated conditions, in mitigation of damages. Such a document could not by any construction be called a pleading. The twenty-seventh assignment is therefore overruled.

[9] The court should have instructed the jury that they could not consider the map made by Jourdan to estimate the amount of the rough land in the reservoir tract; Jourdan admitted in his testimony that his map was not made by actual survey and was only an estimate. As such it should not have been admitted in evidence, and the fact that appellant allowed the map to be introduced in evidence without objection did not deprive it of the privilege of having the jury charg-

ed, upon request, as to the extent to which it could be considered in making up their verdict.

The twenty-eighth assignment is sustained.

For the errors indicated, the judgment of the lower court is reversed, and the cause remanded.

### On Motion for Rehearing.

Appellee proposes to cure the defect in the judgment in this case by remitting all of the amount given to him for damages to the land outside the reservoir tract in the sum of $17,837.18 and the interest accrued on that sum. Such a remittitur fully cures the vice in the judgment with reference to that portion of the case.

[10] We adhere to our opinion that the court erred in refusing appellant's special charge as set out in its twenty-eighth assignment of error. But the portion of the map objected to was only in the nature of cumulative evidence, and the error is not of such a nature as to justify the reversal of the cause under Courts of Civil Appeals Rule 62a (149 S. W. x). Under the former aspect of the case it was material to point out this error to guide the court in another trial; but as the case, as now presented, will be affirmed, that becomes unnecessary.

Motion for rehearing is granted, and, the remittitur having been entered, the judgment of the lower court is reformed and affirmed for the sum of $121,628.20, the value of the land included in the reservoir tract with interest according to the court's decree. Appellee will pay costs of this appeal.