The Chicago and Evanston Railroad Company

*v.*

Barnum Blake.

*Filed at Springfield January 22, 1886.*

| | |
|---|---|
| 116 | 163 |
| 122 | 601 |
| 116 | 163 |
| 124 | 333 |
| 124 | 336 |
| 116 | 163 |
| 127 | 150 |
| 116 | 163 |
| 136 | 436 |
| 116 | 163 |
| 141 | 500 |
| 146 | 377 |
| 116 | 163 |
| 150 | 377 |
| 116 | 163 |
| 159 | 407 |
| 159 | 439 |
| 161 | 652 |
| 49a | 286 |
| 116 | 163 |
| 58a | 173 |
| 116 | 163 |
| 169 | 336 |
| 170 | 601 |
| 116 | 163 |
| 184 | 357 |
| 184 | 459 |
| 116 | 163 |
| e200 | [1]248 |
| e200 | [2]248 |
| 116 | 163 |
| 206 | [5]447 |
| 116 | 163 |
| 208 | [5]104 |
| 208 | [3]106 |

1. EMINENT DOMAIN—*measure of damages—of contemplated improvements on the land sought to be condemned.* On a proceeding to condemn a strip of fifty feet off one side of a lot or block in a city, for a right of way by a railway company, the court allowed the lot owner to exhibit before the jury the plan of a structure he had contemplated erecting on the premises, limiting it in its effect as evidence to the purpose of showing the capabilities of the property: *Held,* that so limited there was no error in admitting the same in evidence.

2. If the object of such evidence had been to enhance the damages by showing such a structure would be a profitable investment, it would clearly have been inadmissible.

3. SAME—*considering the value of a part not taken, as a part of the entire lot of ground, and not as a separate property.* Where a part of a lot sought to be taken for public use is of greater value considered as a part of the entire lot than if taken as a distinct and separate property entirely disconnected from the residue of the lot, the just compensation for the part so taken is its fair cash or market value when considered in its relations to and a part of the entire lot, and not simply what may appear to be its value as a separate and distinct piece of property.

4. SAME—*of benefits not special to the land a portion of which is sought to be taken.* In a proceeding by a railway company to condemn a part of a lot for a right of way, no benefits or advantages which may accrue to lands or property in common with all other property along the line of the proposed railroad by reason of its construction and operation, can be set off against or deducted from the compensation for the value of the property taken and damaged by such proposed road.

5. EVIDENCE—*opinion as to the value of property sought to be condemned—competency of witness.* Real estate brokers in a city who testify they are acquainted with the value of real estate in the neighborhood of property sought to be condemned for a right of way, are competent witnesses to give their opinions as to the value of the same, even though their knowledge of values in the locality is not satisfactorily shown to be based on actual sales. Such objection goes to the value of their testimony rather than its competency.

6. NEW TRIAL—*on ground of excessive damages.* In a proceeding to condemn land for a right of way by a railway company, where there is a

diversity of opinion and conflict of testimony as to the value of the property sought to be taken, and where the jury have made a personal inspection of the property, this court will not reverse on the ground the damages allowed are excessive, or that the evidence does not support the verdict.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. E. WALKER, for the appellant:

As to competency of real estate brokers to give their opinions to the value of property, see *Railroad Co.* v. *Van Horn*, 18 Ill. 257; *Green* v. *Chicago*, 97 id. 370; *Village of Hyde Park* v. *Dunham*, 85 id. 570; *Winans* v. *Railroad Co.* 21 How. 101.

The court erred in admitting in evidence plans of contemplated improvements on the property. Prospective improvements can not be shown. Mills on Eminent Domain, sec. 173.

The market value is the true measure of compensation. *Matter of William and Anthony Streets*, 19 Wend. 678; *Furman Street*, 17 id. 670; *Pinkham* v. *Chelmsford*, 109 Mass. 228; *Fairbanks* v. *Fitchburg*, 110 id. 224.

The court erred in giving respondent's instructions.

Mr. ROBERT HERVEY, and Mr. C. STUART BEATTIE, for the appellee:

The value of land consists not only in its actual uses, but in its capabilities, so far as they add to its market value. *Haslam* v. *Railroad Co.* 64 Ill. 355.

The correct rule is the value of the property for sale in view of the uses to which it may be put, and not simply its productiveness to the owner in the condition in which he has seen fit to leave it. Mills on Eminent Domain, sec. 173; Cooley's Const. Lim. secs. 567-568; *Bridge Co.* v. *Ring*, 58 Mo. 491; *Railroad Co.* v. *Dougherty*, 22 N. J. L. 495; *Dolan* v. *Railroad Co.* 46 Pa. 520.

The appellee's instructions are not subject to the criticism made on them. The sixth is almost in the language of this

court in *Page* v. *Railway Co.* 70 Ill. 324. See, also, *Railway Co.* v. *Barnum*, 107 Ill. 161.; *Green* v. *Chicago*, 97 id. 373.

Mr. Chief Justice Mulkey delivered the opinion of the Court:

This proceeding was commenced in the circuit court of Cook county, by the Chicago and Evanston Railroad Company, to condemn for railroad purposes a strip of land fifty feet wide, off the east side of lot 6, block 95, Elston's addition to the city of Chicago. The lot of which the fifty feet condemned was a part, is bounded by the adjoining lot on the north, Chicago avenue on the south, Larrabee street on the east, and by the Chicago river on the west. The following diagram shows the situation of the property:

Barnum Blake, the appellee, is owner of the entire lot. The jury, after having heard the testimony of many witnesses on both sides, and made a personal examination of the prem-

ises, awarded to appellee as compensation the sum of $39,000, upon which award the court entered judgment, and the petitioner appealed to this court.

With respect to the claim the damages are excessive, we see no cause for reversing the judgment on that ground. The witnesses, as generally happens in this class of cases, widely differed both as to the value of the land taken and the extent of the damage to the remaining portion of the lot. Very nearly all of them, on both sides, were real estate agents and dealers in real property, living and doing business in the city, and most, if not all, swore they were acquainted with the value of property in that locality. Had the jury disregarded their own examination of the property, and accepted without qualification the opinions and theory of the witnesses for the respondent, the compensation and damages awarded would have been increased by thousands of dollars. On the other hand, had they simply accepted the theory and opinions of the petitioner's witnesses, the amount found by them would have been greatly diminished, so it is clear the jury must have exercised their own judgment in the matter. In such a diversity of opinion and conflict of testimony, we are aware of no rule or principle that would authorize us to interpose on the ground the evidence does not support the verdict, especially as it may reasonably be supposed their verdict is based, at least to some extent, upon their own examination of the property.

The point is made that the court erred in permitting respondent's witnesses to testify at all, for the alleged reason they did not, in a preliminary examination before the court, furnish satisfactory evidence of their knowledge of the market value of property in that locality, as based on actual sales. This point is clearly not well taken. Even admitting the court, in an extreme case, would have the right to exclude a witness on the ground of incompetency, where he had had no opportunities at all to obtain such information as would enable him to form an intelligent opinion on the question of

value, about which we express no opinion, there was clearly no ground for the application of such a rule in this case. So far as this case is concerned, whatever there is in the objection goes to the value of the testimony, rather than to its competency. It is the uniform practice of the courts to admit such evidence, and it is stated in Lawson's work on Opinion and Expert Evidence, that there is but one State in the Union where such evidence is not received. It would certainly be a startling announcement to go out to the profession, that this court had reversed a judgment in a condemnation case in Chicago because the trial court had permitted a number of resident real estate dealers to give their opinions as to the value of the land taken, without requiring them to first satisfy the court that their opinions on the subject were based upon their knowledge of actual sales in that locality. While such knowledge is always desirable, it is by no means a test of a witness' competency. Nor is it, in many cases, the chief element in determining the weight or value of a witness' testimony when given. The uses and capabilities of a particular property; the prices at which like property in the neighborhood is held or offered; knowledge or observation of the growth and development of towns and cities; a general knowledge of trade and business, and of the commercial advantages or prospects of the place where the property is situated, are all matters more or less taken into account by the intelligent witness in forming his opinion as to the value of a particular piece of property.

It is also urged that the court erred in permitting the respondent to exhibit before the jury the plans of a certain structure he had contemplated, for a number of years past, erecting on the premises. Whether evidence of this kind is proper or improper, depends entirely upon the purpose for which it is offered and to which it is limited by the court. If the object of such evidence is to enhance the damages, by showing such a structure would be a profitable investment,

the testimony would clearly be inadmissible. If, on the other hand, it is offered merely as an illustration of one of the uses to which the property is adapted, or, in other words, by way of showing the capabilities of the property, and it is expressly limited by the court to such object, as was the case here, there will be no error in admitting it. The practice, however, of introducing such evidence, should not be encouraged, as there is generally more or less danger of its being misunderstood by the jury. But the purpose of the testimony in this case was so clearly and repeatedly stated by the court that it is almost impossible there could have been any misapprehension in respect to it, and consequently there was no error in admitting it.

Respondent asked the court to give the jury the following instruction:

"If the jury find, from the evidence, that the part of the lot proposed to be taken in this case is of greater value when considered as a part of the entire lot than it would be as a separate and distinct piece of property entirely disconnected from the residue of the lot, then the jury, in order to make the owner of the lot just compensation for the part of the lot taken, may allow to him the fair cash or market value of the part of the lot taken, when considered in its relations to and as a part of the entire lot, and not simply what may appear to be its value as a separate and distinct piece of property entirely disconnected from the residue of the lot."

—Which the court refused to do, but modified the same by adding the following: "But in the event of the jury giving a greater value for the part of the lot taken by reason of its being a part of an entire lot, then, in assessing damages, if any, to the residue of the lot not taken, the jury should not estimate that greater value given to the part of the lot taken, by reason of its connection with the balance of the lot," and then gave the instruction, as modified, to the jury,—to the giving of which the petitioner excepted.

The instruction, as originally drawn, contained a clear, accurate statement of the law, and should have been given as asked. It in effect told the jury that if there was a difference in the value of the land sought to be condemned when considered as a part of the lot from which it was taken, and when considered as a distinct and separate property, the higher or greater value should control or be allowed. So far, we think, there can be no question as to the correctness of the instruction. If, therefore, there is any error in the instruction as given, it arises from the modification of it by the court. As we understand the modification, it tells the jury, in effect, that in assessing the damages to the part of the lot not taken, if any such damages are allowed, they are not to include in the assessment the difference between the higher and lower value of the part of the lot taken, as contemplated by the instruction, should any such difference exist, —or, more plainly yet, it tells the jury that in assessing the damages they should not include any part of the compensation allowed for the land actually taken. While we think this was unnecessary, and was doubtless the result of extraordinary caution on the part of the trial judge, yet we see nothing in it of which the appellant has any right to complain, as the modification was clearly in its interest. If the objection came from the other side, there might be some apparent force in the claim that it was "confusing."

The instruction for respondent is also complained of. It is as follows:

"Under the law of this State, no benefits or advantages which may accrue to lands or property, in common with all other property along the line of the proposed railroad, by reason of the construction and operation of such railroad, can be lawfully set off against or deducted from a just compensation for the value of the property taken and damaged by such proposed railroad, as the same may appear from the evidence."

In *Page* v. *Chicago, Milwaukee and St. Paul Ry. Co.* 70 Ill. 324, an instruction substantially the same as this was approved. The only objection urged to it is, that it is not expressly limited to the value of the property taken. We think this is hypercritical, and affords no ground for a reversal. Even conceding the instruction vicious in the respect claimed, which we do not, appellant's fourth instruction clearly cures it.

The judgment will be affirmed.

*Judgment affirmed.*