## George W. Hinckley

### v.

## Joseph Horazdovsky.

*Master and Servant—Vice Principal—Negligence of—Personal Injuries—Recovery for—Damages—Evidence—Instructions.*

1. In an action by a servant for the recovery of damages for personal injuries alleged to have been occasioned through obeying the orders of a superior servant, this court holds that the general instruction, given in lieu of those requested, properly and fully stated the law governing the case, and that the evidence, though conflicting, sustains the verdict for the plaintiff.

2. Where the evidence is conflicting, this court has no authority to set aside a verdict unless the same is shown to be manifestly against the evidence or to have resulted from passion or prejudice.

[Opinion filed June 14, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Mr. M. L. RAFTREE, for appellant.

Messrs. JONES & LUSK, for appellee.

*Per Curiam.* This action was brought to recover for injuries received by appellee, a boy of twelve years of age, while in the employ of appellant.

It is alleged that appellee was directed by the foreman of appellant to oil, while it was in motion, a planing machine, about which he was at work, and that in doing as he was directed, he was caught in the machine and severely injured. Appellant claims that the court erred in the matter of giving and refusing instructions. The court refused all the instructions asked, and gave a general instruction prepared by the judge himself in lieu of those requested. We have examined said instruction and considered the criticisms of appellant's counsel thereon, and we are of opinion that the same fully and fairly stated the law to the jury on all the questions in the case, and that there is no error in that regard. It is strenuously contended that the verdict is against the evidence. There is a direct conflict in the evidence upon several of the issues of fact which arose upon the trial, but a careful examination of the evidence in the record leads us to the conclusion that on every material issue the evidence fairly supports appellee, and that the verdict as a whole can not be said to be manifestly against the weight of the evidence.

Where the evidence is conflicting, the verdict of a jury is conclusive, and this court has no authority to set aside the verdict unless it is shown to be manifestly against the evidence or to have resulted from passion on the part of the jury.

We find no error in the record and the judgment will therefore be affirmed.

*Judgment affirmed.*