## East St. Louis Connecting Railway Co. v. O'Hara.

1. *Jury—Findings, When Not to be Set Aside.*—Where the findings of a jury do not appear to be manifestly against the evidence or to have resulted from passion or prejudice, the verdict will not be set aside.

2. *Railroad Trains—Ordinances Regulating the Speed of, etc.*—It is within the province of a city council to enact ordinances prohibiting railroad companies from running their trains at a greater rate of speed than six miles an hour within the limits of the city, and to require them during the night time and when dark, to have and keep the headlights burning on the front ends of their engines and the bells thereon ringing, for the purpose of indicating and giving notice of the movement of their locomotives, etc.

3. *Special Findings—Personal Injuries—Willful Commission of Injuries Complained of.*—Where, in a suit against a railroad company for personal injuries, the evidence disclosed the facts, that at a place within the limits of a city large numbers of persons were in the habit of crossing the track, and the ordinances of the city required that the bell of the locomotive engine of railroad companies should be continuously rung while running within the city, and when running in the night time a bright and conspicuous light should be kept at the forward end of the

locomotive, or if backing, at the rear end of the same, so as to show the direction in which the same was moving, and prohibiting the running, within such limits, of any passenger car or train at a greater rate of speed than ten miles, and freight trains at six miles an hour, there being evidence that warranted the finding of the jury that no bell was rung at said place, and no headlight was on the engine to disclose the direction in which it was moving in passing along the railroad track at said place, it would be sufficient evidence, coupled with the rate of speed, to warrant a special finding by the jury that the servants and agents of the railroad company willfully committed the injuries complained of.

4. *Negligence—What Amounts to Willful or Wanton Negligence.*— The running of a locomotive in the night at an unlawful rate of speed, without signaling or without lights, along a tract within the limits of a city at a place where many people were in the habit of crossing, is negligence so gross that it amounts to willful or wanton negligence, and as such will authorize a recovery, whether the place at which the injury was inflicted was a public street or the railroad right of way.

5. *Willful Negligence—Violation of City Ordinance.*—The willful disregard by a railroad company, or its agents or employes, of the duty imposed by an ordinance of a city regulating the speed of trains and the manner of moving them at night within the city limits, when sufficiently pleaded and in evidence before a jury, will warrant a special finding that the railroad company is guilty of willful negligence.

6. *City Ordinances Regulating Speed of Trains—Construction.*—An ordinance regulating the speed of railroad trains within the limits of the city is sufficiently comprehensive to include an engine without cars attached, as the principal purpose of the ordinance is to prevent railway accidents by running at too high a rate of speed.

7. *Special Findings Conclusive.*—Where, upon a trial at law, the evidence is conflicting upon a material part in the case, and the jury, in response to a special interrogatory, return a finding, it will be conclusive upon that question.

**Memorandum.**—Action for personal injuries.    Appeal from the Circuit Court of St. Clair County; the Hon. ALONZO D. WILDERMAN, Circuit Judge, presiding.    Heard in this court at the August term, A. D. 1892, and affirmed.    Opinion filed September 8, 1893.

The statement of the facts is contained in the opinion of the court.

CHARLES W. THOMAS, attorney for appellant.

APPELLEE'S BRIEF, WM. WINKLEMANN, JESSE M. FRELS, AND VIRGIL RULE, ATTORNEYS.

" Where the evidence is conflicting, the verdict of a jury is conclusive, and the court has no authority to set it aside un-

less it is shown to be manifestly against the evidence, or to have resulted from passion on the part of the jury." Hinckley v. Horazdovsky, 33 Ill. App. 260.

The questions as to whether the plaintiff exercised proper care and caution, and whether the defendant was guilty of negligence causing the injury, are questions of fact for the jury to determine from the evidence.   Pennsylvania Co. v. Frana, 112 Ill. 405;  C., St. L. & P. R. R. Co. v. Hutchinson, 120 Ill. 596;  L. S. & M. S. Ry. Co. v. Johnsen, 135 Ill. 647; L. S. & M. S. Ry. Co. v. O'Conner, 115 Ill. 255;  L. S. & M. S. R. R. Co. v. Brown, 123 Ill. 174;  Chicago v. Keefe, 114 Ill. 228;  C. & E. I. R. R. Co. v. O'Connor, 119 Ill. 587;  The Chicago Hansom Cab Co. v. Havelick, 131 Ill. 179.

The jury were authorized to look at the conduct of the engineer in the light of all the facts in the case. It has been said:  "What degree of negligence the law considers equivalent to a willful or wanton act is as hard to define as negligence itself, and, in the nature of things, is so dependent upon the particular circumstances of each case as not to be susceptible of general statement."   2 Thomp. Neg. p. 1264, Sec. 53.   In Railroad Co. v. Godfrey, 71 Ill. 500, it was said that where a trespasser is injured, the railroad company is liable for "such gross negligence as evidences willfulness."   Blanchard v. Railroad Co., 126 Ill. 416. What is meant by 'such gross negligence as evidences willfulness?'   It is "such a gross want of care and regard for the rights of others as to justify the presumption of willfulness or wantonness."   2 Thomp. Neg. p. 1264, Sec. 52;  Harlan v. Railway Co., 65 Mo. 22.

OPINION OF THE COURT, PHILLIPS, P. J.

Appellant is the owner and operator of a switching road used for transferring cars to and from numerous railways having their termini in East St. Louis.   It is a double track road and run north and south along the bank of the Mississippi river.   Front street in the city of East St. Louis, sixty feet wide, runs north and south along the east side of the wharves of the Wiggins Ferry Co., and there is a conflict in

the evidence as to whether the tracks of the railroad are on Front street. The plaintiff's contention is that the tracks are on the western part of the street, and the defendant claims that the west track is upon the street at no point, but that the east rail of the east track, only, is laid upon the street. On the 23d day of October, 1889, plaintiff's arm was cut off, being run over by a locomotive on the west track. The injury occurred in the night time. The plaintiff brings the action against the defendant and charges it with negligence in failing to ring a bell, and failing to have the headlight burning, and alleged that the train was running at a dangerous and unlawful rate of speed, and further charges that the defendant wantonly and willfully failed to have a headlight burning or ring the bell, and wantonly and willfully ran at a high rate of speed. Defendant pleaded the general issue and a trial was had which resulted in a judgment for plaintiff for $5,000, and a motion for a new trial and a motion in arrest of judgment being overruled, the defendant brings the record to this court by appeal, and assigns error in overruling the motion for new trial and entering judgment on the verdict, and in not arresting the judgment.

There is conflict in the evidence on the question as to whether the railroad track at the place of the injury is on the public street, several of the plaintiff's witnesses claiming that it was on the public street, and witnesses for defendant denying that the track at the place where the injury occurred was on said street. There is also conflict in the evidence as to whether the engine which ran over plaintiff's arm at the time of the injury had a headlight burning or was ringing the bell, and with this conflict in the evidence the jury, asked to find, found specially that the headlight on the locomotive which struck plaintiff was not burning at the time of the accident, and that the bell on the locomotive which struck him was not ringing, and the place where plaintiff was injured was a public street. These findings of the jury do not appear to be manifestly against the evidence, or to have resulted from passion or prejudice, and in

this conflicting state of the evidence the verdict of the jury ought not to be disturbed. Hinckley v. Horazdovsky, 33 Ill. App. 259; Calumet River Co. v. Moore, 124 Ill. 329; C. & E. R. R. Co. v. Blake, 116 Ill. 163.

The last count of plaintiff's declaration charges the defendant with wanton and willful negligence. Gross want of care and disregard for the rights of others may be such as to justify the presumption of willfulness or wantonness. The second count of plaintiff's declaration alleges it was defendant's duty by sections 583 and 584 of the general ordinances of the city of East St. Louis, not to run at a greater rate of speed than six miles an hour, and during the night time, and when dark, to have and keep the headlight burning on the front end of its engine, and have and keep the bell thereon ringing for the purpose of indicating and giving notice of the approach or movement of locomotive engines while moving on said track. The evidence discloses the fact that a large number of persons were in the habit of crossing the track of defendant's road, passing from the transfer stables to the ferry boats, and the plaintiff, who was a driver at the transfer stables, left there for the purpose of crossing the track to reach the ferry boat to go to his home on the west side of the river, and sought to cross the track at a place where much passing was done.

Section 584 of the ordinances of the city, read in evidence, requires that the bell of the locomotive engine shall be continuously rung while running upon any railroad track within the city, and while running in the night time, shall have and keep a bright and conspicuous light at the forward end of the locomotive, or, if backing, shall have a conspicuous light at the rear end of the engine, so as to show the direction in which the same is moving. Section 583 is that no railway company, or conductor, or engineer, or other employe of the company, managing or controlling any locomotive engine, car or train, shall run or permit to be run, within the limits of the city, any passenger train or car, at a greater rate of speed than ten miles, and freight trains at six miles per hour. These ordinances were in evidence, and it was within the province of the city council to enact such

ordinance, and there being evidence that warranted the finding of the jury that no bell was rung,. or no headlight on the engine, or no light to disclose the direction in which it was moving in passing along the railroad track at a point where much passing was done, would be sufficient evidence, coupled with the rate of speed, to warrant the finding of the jury which was specially found, that the servants and agents of the defendants willfully committed the injury: for the negligence would be so gross in running in the night time at such a rate of speed, without signaling or without light, that it would amount to willful or wanton negligence; and such being the case, even on the theory that the place where the plaintiff was injured was not a public street, but the right of way of defendant's road, would still authorize a recovery. The willful disregard of a duty imposed by the ordinances of the city, which were sufficiently pleaded and in evidence before the jury, would warrant such finding. The ordinance having reference to the speed of trains, is sufficiently comprehensive to include an engine without cars attached.

The principal purpose of the ordinance was to prevent railway accidents, from running at too high rate of speed. The record shows that the plaintiff offered in evidence sections 318, 319 and 427 of the ordinances of the city of East St. Louis, Sec. 318 being substantially a copy of Sec. 87, Chap. 114, Starr and Curtis' Statutes, and Sec. 319 being substantially a copy of Chap. 114 of same, Sec. 427 being in reference to special assessments or improvements. While we see no relevancy of these ordinances to the questions before the jury, yet it does not appear that in any manner the defendant's case was prejudiced thereby, and the admission of sections 318, 319 and 427 was not such error as would require the reversal of the judgment in this case. It is contended by the defendant that the plaintiff, at the time he was injured, was lying on the track of defendant's road, plaintiff claiming that he was standing up when struck, and knocked down, and on this question the evidence is conflicting, and the jury, in response to special interrogatories, found that the plaintiff did not lie upon defendant's tracks

before he was knocked down, and the verdict of the jury on that question is conclusive. John Fries was called as a witness by plaintiff and testified, and counsel for plaintiff, in his closing argument, in commenting on the testimony of Fries, contended before the jury that Fries had committed perjury and had been bribed, to which defendant's counsel objected and moved the court to direct the counsel to refrain from such comments. The court did not pass upon the question, and the remarks of plaintiff's counsel were repeated, and the defendant excepted. From the testimony of the witness as it appears of record we are not disposed to hold that counsel for the plaintiff had not the right of criticising his testimony, for although called by the plaintiff and testifying to certain facts, yet from his entire testimony we can not see that the plaintiff's counsel must be compelled to treat him with very great respect, but had the right to criticise the witness' testimony.

There was no error in the instructions given for the plaintiff, the instruction being under the second count of the declaration for the alleged willful acts of the defendant. It is urged by the appellant's counsel that it is not possible that appellant's servants willfully refrained from lighting a headlight, and willfully refrained from ringing a bell and willfully ran at a high rate of speed. These averments are all made in the second count of the declaration, and there is proof authorizing this verdict of the jury that there was no bell rung, nor headlight, and the train running at a high rate of speed, and, as we have already discussed the question, such acts at such place and at such time of night, might be regarded as a wanton or willful act on the part of the defendant's servants, and authorize the instruction to be given that if the jury found the defendant guilty of negligence, charged in the second count of plaintiff's declaration, they might find the defendant guilty. Nor was it error to refuse the defendant's fourth instruction; for if the acts of the defendant's servants were wanton and willful, as alleged in the second count of the declaration, the instruction ought not to be given. We find no reversible error in the record. The judgment is affirmed.