[Civ. No. 915.   Second Appellate District.—March 23, 1911.]

CITY OF LOS ANGELES, a Municipal Corporation, Respondent, v. KERCKHOFF-CUZNER MILL AND LUMBER COMPANY, a Corporation, et al., Respondents, and R. H. HERRON COMPANY, a Corporation, Appellant.

EMINENT DOMAIN—ACTION BY CITY TO CROSS LAND FOR STREET—EVIDENCE—DIAGRAM OF TRACT—FUTURE PROPOSED IMPROVEMENTS—PROPER RULING.—In an action by a city to condemn a street across appellant's land, where appellant without objection proved the particular use to which the tract was put, and also its worth considering the most valuable use to which it was adapted, the court did not err in refusing to allow appellant to put in evidence a diagram of the tract, to show the location and size of proposed improvements to be thereafter made and erected thereon.

ID.—ENHANCED DAMAGE FOR FUTURE IMPROVEMENTS NOT ALLOWED.—Appellant could not be allowed to show enhanced damage which it would suffer from being prevented from carrying out a particular scheme of improvements existing only in contemplation at the time of the trial.

ID.—RULING NOT LIMITING PROPER SCOPE OF PROOF—SPECULATIVE INQUIRIES.—The ruling of the trial court did not limit the appellant from showing by proof all available uses to which the property might be put, including its peculiar adaptation for certain uses enhancing its value in the market; but such proof may not be extended to speculative inquiries as to possible future uses under altered circumstances, which may or may not arise.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

O'Melveny, Stevens & Millikin, for Appellant.

Leslie R. Hewitt, and Charles E. Haas, for Plaintiff, Respondent.

Edward Kuster, for Kerckhoff-Cuzner Mill and Lumber Company, Respondent.

JAMES, J.—Action brought to secure, by condemnation, a strip of land for street purposes.   Defendant R. H. Herron

Company was dissatisfied with the award of damages made by the trial court, and appeals from the judgment.

Appellant in the course of the trial in the superior court offered in evidence a diagram showing the tract of land owned by it, and which would be divided into two parts by the opening of the street proposed to be extended through the same. John M. Sands, a witness familiar with the ground and the diagram, testified as follows: "It is a diagram showing the tract in question and the locations of the shops and improvements of various kinds already constructed by us on that tract, and the locations as planned for the additional improvements to be constructed hereafter; also location of existing switch tracks and proposed additional switch track." The court refused to admit the diagram in evidence, and this ruling is the only error claimed. From the bill of exceptions it appears that appellant was allowed, unhindered by the court or objection of counsel, to prove the particular use to which the property was being put, and also its worth, considering the most valuable use to which it was adapted. There was ample testimony before the court fully covering these matters, and the only additional subject to be illustrated by the offered diagram was the location of proposed improvements to be thereafter made and erected thereon. At best, this evidence could only be received for the purpose of showing the complete use for which the property was adapted, considering the use then being made of it. Appellant could not be allowed to show enhanced damage which it would suffer by reason of being prevented from carrying out a particular scheme of improvement, existing only in contemplation at the time of the trial. The trial court did not by its ruling limit the parties from showing by proof all available uses to which the property might be put; it simply declined to allow appellant to show the location and size of its proposed improvements, and by this ruling we think no error was committed. The range allowed at the trial in the admission of evidence was broad enough to cover all matters suggested as proper to be considered, by the supreme court in the case of *Muller* v. *Southern Pac. Branch Ry. Co.*, 83 Cal. 245, [23 Pac. 267], where it is said: "In arriving at the value of the land, all its capabilities, or the uses to which it is adapted should be taken into consideration." We also quote from the case of *City of Santa*

*Ana* v. *Harlin,* 99 Cal. 543, [34 Pac. 226]: ''The rule as enunciated by Lewis on Eminent Domain, at section 479, is as follows: ' . . . The condition of the property and all its surroundings may be shown, and its availability for any particular use. If it has a peculiar adaptation for certain uses, this may be shown; and if such peculiar adaptation adds to its value, the owner is entitled to the benefit of it. But when all the facts and circumstances have been shown, the question at last is, What is it worth in the market?' . . . Such proof should be limited to showing the present condition of the property and the uses to which it is adapted, and may not be extended to speculative inquiries as to possible future uses under altered circumstances, which may or may not arise.'' In our examination of the authorities, we find one case where testimony like that proposed to be introduced in this case was allowed to go before the jury. The case to which we refer is that of *Chicago & E. R. Co.* v. *Blake,* 116 Ill. 163, [4 N. E. 488]. It was therein held by the Illinois court that where evidence of the variety mentioned was allowed to be introduced for the limited purpose of showing the adaptability of the property to the use which it was intended to put it to, no error was committed, but it was said that the use of such testimony, even for that purpose, should not be encouraged. The language used by the court in considering the objection there offered was as follows: ''It is also urged that the court erred in permitting the respondent to exhibit before the jury the plans of a certain structure he had contemplated for a number of years past erecting on the premises. Whether evidence of this kind is proper or improper depends entirely upon the purpose for which it is offered and to which it is limited by the court. If the object of such evidence is to enhance the damages by showing such a structure would be a profitable investment, the testimony would clearly be inadmissible. If, on the other hand, it is offered merely as an illustration of one of the uses to which the property is adapted, or, in other words, by way of showing the capabilities of the property, and it is expressly limited by the court to such object, as was the case here, there will be no error in admitting it. The practice, however, of introducing such evidence, should not be encouraged, as there is generally more or less danger of its being misunderstood by the jury. But the purpose of the testimony

in this case was so clearly and repeatedly stated by the court, that it is almost impossible there could have been any misapprehension in respect to it, and consequently there was no error in admitting it.''

For the reasons given, the judgment is affirmed.

Allen, P. J., and Shaw, J., concurred.