[Civ. No. 2345.  Third Appellate District.—September 26, 1923.]

THE SAN JOAQUIN & KINGS RIVER CANAL & IRRIGATION COMPANY, INCORPORATED (a Corporation), Appellant, v. JAMES J. STEVINSON (a Corporation), Respondent.

[1] EMINENT DOMAIN — ACQUISITION OF WATER RIGHTS — VALUE OF LAND—PROPOSED SCHEME OF IMPROVEMENT—INADMISSIBILITY OF TESTIMONY.—In an action by a public service canal company to acquire by condemnation the right to divert additional water as against certain riparian land, the introduction of testimony of a

proposed elaborate scheme for the reclamation and irrigation of the land, including the details and estimated costs thereof and the cost of the annual maintenance of the same, was not proper for the purpose of showing the adaptability of the land, and the admission of such testimony was not justified by the character of the answers elicited on cross-examination of certain witnesses of the plaintiff, in which they expressed opinions against the feasibility of reclaiming the land in question and concerning which they had not been questioned on direct examination; nor did the stipulation of plaintiff, in which it guaranteed ` to defendant a specified number of second-feet of water whenever it should have reclaimed the land and installed necessary machinery for the irrigation thereof render it admissible, for the cost and character of any such scheme could not throw any light upon the requirement of the condition in the stipulation.

[2] ID.—EVIDENCE—EXTENT OF RIPARIAN RIGHTS.—In such action, the trial court properly refused to permit the plaintiff to show that the amount of water guaranteed by plaintiff to defendant in case the land in question was reclaimed was equal to the amount which the defendant was entitled to as a riparian owner and, for the purpose of establishing such fact, to show the extent of the riparian lands using and entitled to use the water of the river.

APPEAL from a judgment of the Superior Court of Mariposa County. J. J. Trabucco, Judge. Reversed.

The facts are stated in the opinion of the court.

Edward F. Treadwell, J. J. Griffin, Forrest A. Cobb, R. S. Laughlin, Gail C. Larkin and Joseph C. Sharp for Appellant.

James F. Peck and McWilliams & Hatfield for Respondent.

JONES, J., *pro tem.*—The history of this case is given by appellant in its opening brief as follows:

"Plaintiff, a public service canal company, having been enjoined from diverting more than a certain quantity of water in a suit brought by the owner of 2407.27 acres of swamp and overflow lands, riparian to the San Joaquin River, brought this proceeding in 1909 to acquire by condemnation the right to divert an additional 500 second-feet of water as against that land. On the first trial plaintiff

was nonsuited, and on appeal the judgment of nonsuit was reversed (*San Joaquin & Kings River Canal & Irr. Co.* v. *Stevinson,* 164 Cal. 221 [128 Pac. 924]). On the second trial the court submitted to the jury the questions of public use and public necessity and the jury found against the plaintiff on the issue of public necessity, and, on appeal, the judgment was reversed on the ground that those issues should have been passed upon by the court, and not the jury, and for other reasons (*San Joaquin & Kings River Canal & Irr. Co.* v. *Stevinson,* 26 Cal. App. 274 [147 Pac. 254, 258]). On the third trial the trial court decided the issues of public use and public necessity in favor of plaintiff (Trans., pp. 21–35), and on the issue of damages the jury awarded the defendant $425,000. The trial jury set this verdict aside as being unsupported by the evidence, and on appeal this order was affirmed (*San Joaquin & Kings River Canal & Irr. Co.* v. *Stevinson,* 30 Cal. App. 405 [158 Pac. 768]). The trial court then granted a change of place of trial to Mariposa County, which order was affirmed on appeal (*San Joaquin & Kings River Canal & Irr. Co.* v. *Stevinson,* 179 Cal. 533 [178 Pac. 292]). A fourth trial was then held in Mariposa County and resulted in a verdict of $200,000 (Tr., pp. 38, 39), to review which this appeal is prosecuted. Both parties appealed from the judgment, but defendant subsequently dismissed its appeal (53 Cal. App. 756 [200 Pac. 767])."

One of the grounds upon which appellant relies for a reversal of the judgment is that the court erred in permitting the defendant to present a proposed elaborate scheme for the reclamation and irrigation of the land, including the details and estimated cost thereof and the cost of the annual maintenance of the same. On the second trial of this action defendant was permitted to introduce an elaborate scheme of prospective reclamation and irrigation of its lands and was also allowed to introduce evidence of damage to other lands than those described in the complaint. On the appeal from the judgment rendered on that trial a reversal was ordered, based upon the error of the court in admitting such evidence. The respondent here contends that the evidence introduced on the third trial was not the same as that admitted on the previous one, but that it was carefully limited to meet the ruling of this court, which ruling

63 Cal. App.—49

it construes as referring only to the erroneous testimony concerning a large acreage not described in the complaint and for which it claimed damages. We do not so construe the opinion, for it is apparent that the court there held that not only was it erroneous, under the issues here involved, to receive evidence as to damages to other lands than those described in the complaint, but that it was also error to permit the introduction of a scheme of reclamation and irrigation of its lands. It was not the mere inclusion of *other* lands in the proposed plan that constituted error, but it was the introduction of a plan of improvement of the land involved in the action that was held to be improper. In support of the rule so announced a number of authorities may be cited. In the case of *In re Acquisition of Lands of Morris and Cummings Dredging Co.* (N. J.), 115 Atl. 433, it was held that the admission of testimony showing possible improvements which could be placed upon the property and showing by drawings and plans the details thereof was error. Such testimony, it was said, "furnished the jury with testimony which may have led them to consider as actualities things which were mere contingencies and possibilities." While in that case the cost of the proposed improvement was not given, yet it was held that "the effect of the testimony which was given regarding the development and the drawings and plans offered and received in evidence would tend to lead the jury to find the value of the property as if the improvements had been made."

In the case of *Manda* v. *City of Orange*, 82 N. J. L. 686 [Ann. Cas. 1913D, 581, 82 Atl. 869], testimony as to the cost of making certain improvements upon the land sought to be taken was excluded and it was there said: "It is argued that such testimony is requisite in order to show the true value of the land taken because the value is not of the land in a waste state, but which might be reasonably given to it by perhaps a slight expenditure. While the rule is that the land owner is entitled to receive the fair price for any use for which it has a commercial value of its own in the immediate present, or in reasonable anticipation in the near future, yet that concerns the present market value, having the reasonably anticipated use in view. This is quite a different matter, however, from laying out the property in lots upon a map, estimating the costs of putting upon

it the improvements of a city and calculating what the value would be if such improvements were actually made."

We find the following language in the case of *Harris* v. *Schuylkill etc. R. Co.*, 141 Pa. St. 242 [23 Am. St. Rep. 278, 21 Atl. 590] : "In estimating the value of the lot before the taking, its possible and probable uses are important elements, and may be shown by the opinions of experts. But the details of improvements, the cost, probable rent afterwards, etc., require knowledge of the subject to insure the proper weight to be given, and the inference to be drawn from them. Hence they are not admissible as independent facts for the jury, and the appellant's offer in that regard, as, e. g., to prove the cost of bulkheading this lot to make a wharf of it, were properly excluded."

The following paragraph is quoted from the dissenting opinion in *National Docks etc. Co.* v. *Pennsylvania Ry. Co.* (N. J.), 31 Atl. 462, 465:

"While it may be said that the trial court is bound to admit evidence showing or tending to show the availability of the property for valuable uses, it is quite another thing to admit evidence as to the cost of some particular erection said to be necessary to adapt the land to such uses."

Our supreme court has held that proof of the market value of land "should be limited to showing the present condition of the property and the uses to which it is adapted, and may not be extended to speculative inquiries as to possible future uses under altered circumstances, which may or may not arise" (*City of Santa Ana* v. *Harlin*, 99 Cal. 543 [34 Pac. 224]), and in the case of *Los Angeles* v. *Kerckhoff-Cuzner Co.*, 15 Cal. App. 676 [115 Pac. 654], evidence of a particular scheme of improvements was held properly refused, and, referring to *Chicago & E. R. Co.* v. *Blake*, 116 Ill. 163 [4 N. E. 488], it was there said: "It was therein held by the Illinois court that where evidence of the variety mentioned was allowed to be introduced for the limited purpose of showing the adaptibility of the property to the use which it was intended to put it to, no error was committed, but it was said that the use of such testimony, even for that purpose, should not be encouraged."

The case of *Marin Water Co.* v. *Railroad Commission*, 171 Cal. 706 [Ann. Cas. 1917C, 114, 154 Pac. 864], cited by respondent, cannot be deemed as an authority supporting its

contention, for, in that case, the question as to whether evidence showing probable expense of storage, distribution, and sale of water resulting from additional dams was properly admissible was not considered.

[1] We conclude that the introduction of testimony of a proposed scheme of improvement, such as was shown in this case, is not proper for the purpose of showing the adaptability of the land and that its admission was not justified by the character of the answers elicited on cross-examination of certain witnesses of the plaintiff, in which they expressed opinions against the feasibility of reclaiming the land in question and concerning which they had not been questioned in direct examination; nor did the stipulation of plaintiff, in which it guaranteed to defendant sixteen second-feet of water whenever it should have reclaimed the land and installed necessary machinery for the irrigation thereof render it admissible, for the cost and character of any such scheme could not throw any light upon the requirement of the condition in the stipulation. No matter what the cost of the reclaiming of the land and the installation of the machinery might be, or what method of reclaiming or irrigating might be adopted, the guarantee would apply. In view of the character of the testimony thus admitted, its importance and its probable effect upon the minds of the jurors, we feel that substantial injury resulted to plaintiff and that a new trial of the action should be had.

The conclusion which we have reached makes unnecessary a review of all the grounds upon which appellant relies for a reversal, as many of them pertain to matters which will probably not arise on another trial. It is, however, advisable to consider several of the other questions raised by appellant.

Reference has already been made to the stipulation of plaintiff guaranteeing to defendant sixteen second-feet of water under conditions specified. It is claimed by the appellant that it was entitled to show that this amount of water was equal to the amount which the defendant was entitled to as a riparian owner and for the purpose of establishing that fact, it sought to show the extent of the riparian lands using and entitled to use the water of the river. This showing was not permitted. We are impressed

with the argument of counsel for respondent to the effect that the admission of such evidence would necessitate collateral inquiries as to who such other riparian owners were and the extent of their needs. As is said by counsel in their supplemental brief:

"In the case of *Half Moon Bay Land Co.* v. *Cowell*, 173 Cal. 543 [160 Pac. 675], the rights of riparian owners between themselves was stated as follows: 'The mere objection by one riparian owner . . . is not sufficient to deprive any other riparian owner of the use of the water of the stream. Each owner has the right to use the whole or any part of the water on his own riparian land at any time when such use does not interfere with the actual use by other owners of their due share. If any such owner is not using the water himself he has no right to object to the use of it by any other riparian owner upon riparian land.' To determine the time when defendant's use of the water of the river might be interrupted (it being an admitted riparian right on a stream) according to this authority, would involve an inquiry not only as to the present use of water, the probability of such present use continuing, but also the question of probability as to when water would be actually used by other riparian owners which is not being so used at present. This would manifestly lead into an investigation of a most complicated speculative nature. With this the jury would be confused and entirely at sea. It is clear that such an examination could be indefinitely continued on each piece of riparian land as to what the future held in store for it in the way of its securing water."

[2] For the reason here shown, if for none other, the ruling of the court was proper, for the impracticability of making a comparison, in the manner desired by plaintiff, between the right that the defendant would have as a riparian user with that guaranteed him by the stipulation, is, it seems to us, evident, and such an attempt could have but the one result of confusing the jury.

As to the admission in testimony of the judgment-roll in the case of Stevinson against the present plaintiff, while we feel that it was not material evidence, yet in view of the instructions concerning it, given by the court, no injury resulted to the plaintiff by its admission.

Complaint is made by plaintiff of the action of the court in many instances, in allowing or rejecting testimony touching the matter of proof of value of the land. In the opinion of this court on the appeal in this case, reported in 26 Cal. App. 274 [147 Pac. 254, 258], it was said: ''The damages to this particular land were to be ascertained by deducting from the market value of the land as it existed at the time of the issuance of the summons the market value it would have if deprived of this riparian right. It is manifest that these values would rest largely for their support upon the opinion of qualified witnesses and *the method of proof is simple and familiar.''* (Italics ours.)

In view of the length of the trial and the opportunities arising for the commission of error, it would indeed be surprising if a record free from minor errors would result, but upon another trial of the action and after further consideration of the rules of evidence applicable to actions of this character, it is probable that many of the questions here raised will not again arise.

The judgment is reversed.

Finch, P. J., and Hart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 26, 1923, and a petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 22, 1923, and the following opinion then rendered thereon:

THE COURT.—In denying the respondent's petition for a transfer to this court we wish to note that no point is made on this application concerning the rejection of appellant's evidence as to the extent of respondent's riparian rights, and that we do not for that reason consider the ruling of the district court of appeal in that regard. The respondent is apparently satisfied with the ruling of the district court of appeal, which will, of course, be the law of this case.

The petition is denied.